# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAUN FOLTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-996-M |
| | ) |
| GRADY COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On November 2, 2016, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this action alleging claims arising under state law and 42 U.S.C. § 1983. The Magistrate Judge recommended: (1) defendants' Motion for Summary Judgment on the grounds of non-exhaustion should be denied; (2) plaintiff's claims for compensatory damages based on (a) unsanitary conditions of confinement, (b) deprivation of sleep, (c) deprivation of exercise, (d) denial of arch supports, and (e) denial of anxiety medications and mental health treatment should be dismissed but that plaintiff may maintain a cause of action for nominal and punitive damages on these claims; (3) on the claims involving a denial of medical care and excessive force due to tight hand restraints, the Court should conclude that plaintiff has sufficiently alleged "physical injury" and has, therefore, stated a valid claim for nominal, compensatory and punitive damages; and (4) the Court should conclude that plaintiff has adequately stated a claim for denial of access to the courts. Plaintiff was advised of his right to object to the Report and Recommendation by November 21, 2016. A review of the file reveals no objection has been filed.

Upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation [docket no. 187] issued by the Magistrate Judge on November 2, 2016;

(2) DENIES defendants' Motion for Summary Judgment [docket no. 130] on the grounds of non-exhaustion;

(3) DISMISSES plaintiff's claims for compensatory damages based on (a) unsanitary conditions of confinement, (b) deprivation of sleep, (c) deprivation of exercise, (d) denial of arch supports, and (e) denial of anxiety medications and mental health treatment; plaintiff, however, may maintain a cause of action for nominal and punitive damages on these claims;

(4) FINDS that plaintiff has sufficiently alleged "physical injury" and has, therefore, stated a valid claim for nominal, compensatory and punitive damages on his claims involving a denial of medical care and excessive force due to tight hand restraints; and

(5) FINDS that plaintiff has adequately stated a claim for denial of access to the courts.

**IT IS SO ORDERED this 6th day of December, 2016.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE